# City Court.

*Trial Term—March,* 1886.

## MARY WALSH *against* THE BOWERY SAVINGS BANK.

A deposit in a savings bank may be transferred by delivery of the bank-book with intent to pass the title.

A notice to an agent which his duty requires him to communicate to his principal is notice to the latter.

Motion for judgment on special verdict.

*Wm. H. Regan,* for plaintiff.

*Norwood & Coggswell,* for defendant.

McAdam, Ch. J.—The main question involved was whether Mary Duffy, who opened account No. 546,069 with the defendant, made a valid gift and transfer of the deposit to the plaintiff, so as to confer upon her the legal title to the money.

This question was submitted to the jury:

Q. "Did Mary Duffy deliver the bank-book to the plaintiff with the intention of passing title to the fund on deposit?"

To which the jury answered "Yes."

This finding upon the evidence put legal title in the plaintiff (Risley v. Phœnix Bank, 11 *Hun*, 484; Vandermark v. Vandermark, 55 *How. Pr.* 408; Cornell v. Cornell, 12 *Hun*, 3.12 ; Coates v. First Nat. Bk., 91 *N. Y.* 20 ; 17 *Weekly Dig.* 262, 415; 11 *Johns.* 534; 17 *Id.* 284; see cases collated in 2 *Bliss Code*, 252).

Mary Duffy died February 12, 1883, and was buried on

Walsh *v.* Bowery Savings Bank.

the 14th. On February 15, 1883, the plaintiff went to the bank and saw the bookkeeper in charge. She presented the book, said it was given to her by Mrs. Duffy, and demanded the money, and the bookkeeper said she must go to the surrogate's court first.

This was sufficient notice of the transfer to charge the bank, for the bookkeeper was specially charged with the paying of money to depositors, and, it being in the line of his agency, the information was of a character which it was his duty to communicate; and this seems to be the test in determining whether the information given to him operates as notice to his principal (*Wharton on Agency*, §§ 178, 673; *Story on Agency*, § 140).

Notwithstanding this notice, the bank subsequently paid the money on deposit to the administrator of the depositor.

The bank-book was in the possession of the plaintiff at the time the deposit was paid over to the administrator, and the money was so paid without requiring the surrender of the book, which, according to article VI. of the rules and regulations printed in the bank-book, is the evidence of the property of the depositor in the bank.

Under these circumstances, the plaintiff is entitled to judgment on the verdict for $125, with costs, and five per cent. allowance.

### Gifts Causa Mortis.

To constitute a valid gift in view of death, it must appear: 1. That the gift was made with a view to the donor's death from present illness or from apprehended peril. 2. The donor must die of that ailment or peril. 3. There must be a delivery of the subject of the gift (see cases collated in *Redfield Surr.* 3 ed. 496 *et seq.*). To give effect to the gift there must be a present delivery and parting of possession and dominion over the subject of the gift (Turner *v.* Brown, 6 *Hun*, 331; Grymes *v.* Hone, 49 *N. Y.* 17; Curry *v.* Powers, 70 *Id.* 212. And see Glynn *v.* Seaman's Savings Bank, 9 St. Rep. 499).